IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| GLENDA BOONE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Cause Number. 4:08CV9 HEA |
| | ) | |
| WAL-MART STORES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Defendants' Motions to Dismiss, [Doc. No. 6], for failure to state a claim. Plaintiff has not filed an opposition to the motion.[1] For the reasons set forth below, the Motion is granted.

**Introduction**

Plaintiff filed this action against Defendant in the Circuit Court for the County of St. Francois, Missouri, alleging that Defendant terminated her employment to retaliate against her for exercising her rights under the Missouri Worker's Compensation Act, (Count I); discriminated against her under the Missouri Human

---

[1] Pursuant to the Court's Local Rules, Plaintiff's failure to file a written opposition may be construed as a concession of the merits of Defendant's Motion. See Local Rule 7-4.01(B). ("Except with respect to a motion for summary judgment under Fed.R.Civ.P.56, each party opposing a motion shall file, within five (5) days after being served with the motion, a memorandum containing any relevant argument and citations to authorities on which the party relies.")

Rights Act and the "Federal Act" based on her age and sex (Count II); discriminated against her in violation of the Missouri Human Rights Act and the "Federal Act" based on her disability, (Count III); negligently failed to supervise and train its supervising agents and employees; and slandered and libeled Plaintiff.

Defendant removed this case to this Court on January 3, 2008 based on the Court's federal question jurisdiction. Defendant now moves to dismiss Counts II, III and IV for failure to state a claim.

## Facts and Background

Plaintiff alleges that she was terminated from her employment with Defendant on August 11, 2006. Plaintiff filed a charge with the Missouri Commission on Human Rights, and therefore dually filed with the EEOC, on June 20, 2007. The Plaintiff's charge, therefore was filed 313 days after her termination.

## Motion to Dismiss Standard

The purpose of a motion to dismiss is to test the sufficiency of the complaint. The Supreme Court has recently determined that *Conley v. Gibson's*, 355 U.S. 41, 45-46 (1957), "no set of facts" language "has earned its retirement." *Bell Atlantic Corp. v. Twombly,* __ U.S.__, __, 127 S.Ct. 1955, 1969 (May 21, 2007). Noting the plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief,'" the Court held that a viable complaint must include "enough facts to state a claim to

relief that is plausible on its face." *Bell Atlantic,* 127 S.Ct. at 1964-65, 1974. In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 1965. The Court explained that this new standard "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of [the claim or element]." *Id.* On the other hand, the Court noted that "of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of the facts alleged is improbable, and 'that a recovery is very remote and unlikely.'" *Id.* (quoting *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974)). "[P]rior rulings and considered views of leading commentators" can assist in assessing the plausibility of the plaintiffs' allegations. *Id.* at 1966. This standard of review has recently been utilized by the Eighth Circuit Court of Appeals. The Court accepts "as true all factual allegations in the complaint, giving no effect to conclusory allegations of law. The plaintiff must assert facts that affirmatively and plausibly suggest that the pleader has the right he claims (here, the right to jurisdiction), rather than facts that are merely consistent with such a right." *Stalley v. Catholic Health Initiatives*, 509 F.3d 517, 521 (8th Cir. 2007). (Citations omitted).

When considering a motion to dismiss, courts are still required to accept the complaint's factual allegations as true. *Twombly*, 127 S.Ct. at 1965. All reasonable

inferences from the complaint must be drawn in favor of the nonmoving party. *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004). "In considering a motion to dismiss, courts accept the plaintiff's factual allegations as true, but reject conclusory allegations of law and unwarranted inferences." *Silver v. H & R Block, Inc.,* 105 F.3d 394, 397 (8th Cir. 1997). Furthermore, the Court, in construing the Complaint, may also consider the attachments thereto. Any written instrument attached to a complaint is considered a part of the complaint, and may be considered in ruling on a motion to dismiss. Fed.R.Civ.P. 10(c); *Quinn v. Ocwen Federal Bank FSB,* 470 F.3d 1240, 1244 (8th Cir. 2006). ("[W]ritten instruments attached to the complaint become part of it for all purposes. *See Fed.R.Civ.P. 10(c).* 'For that reason, a court ruling on a motion to dismiss under Rule 12(b)(6) may consider material attached to the complaint.' *Abels,* 259 F.3d at 921.")

## Discussion

**Counts II and III-Discrimination**

Defendant first argues that Plaintiff's claims for age, sex and disability discrimination are barred because Plaintiff failed to file a timely charge of discrimination with the EEOC or the Missouri Commission on Human Rights.

To assert a claim of employment discrimination under Title VII or the ADEA, a plaintiff is required to file administrative charges within certain time limits.

Specific to the matter currently before the Court, Plaintiff was required to file her claims with the EEOC within 300 days of the alleged discriminatory employment action. See 42 U.S.C. § 2000e-5(e)(1); 29 U.S.C. § 626(d)(2); see also *Holland v. Sam's Club*, 487 F.3d 641, 643-44 (8th Cir.2007); *Dorsey v. Pinnacle Automation Co.*, 278 F.3d 830, 834 (8th Cir.2002).

The filing of a charge of discrimination, however, is not a jurisdictional prerequisite. *Zipes v. TWA, Inc.,* 455 U.S. 385, 393. "In *Zipes*, the Supreme Court held that 'filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling.'" *Coons v. Mineta* 410 F.3d 1036, 1040 (8th Cir. 2005).

Plaintiff's Petition clearly fails to state a claim at this stage of the litigation. The Petition states that Plaintiff was discharged on August 11, 2006, and Exhibit A establishes that Plaintiff's Charge of Discrimination was filed on June 20, 2007, 313 days from Plaintiff's termination. The Court is unable, however, to unequivocally find that Plaintiff's claims are barred, because Plaintiff may be able to allege valid grounds for the untimely filing. Leave to file an Amended Complaint will therefore be granted.

**Count IV-Negligent Supervision**

To make a prima facie case of negligent supervision, a plaintiff must prove: (1) a legal duty on the part of the defendant to use ordinary care to protect the plaintiff against unreasonable risks of harm; (2) a breach of that duty; (3) a proximate cause between the breach and the resulting injury; and (4) actual damages to the plaintiff's person or property. See *Cook v. Smith*, 33 S.W.3d 548, 553 (Mo.App.2001); *Smith by Smith v. Archbishop of St. Louis*, 632 S.W.2d 516, 521 (Mo.App.1982). To recover, a plaintiff "need not show that the very injury resulting from defendant's negligence was foreseeable, but merely that a reasonable person could have foreseen that injuries of the type suffered would be likely to occur under the circumstances." Smith, 632 S.W.2d at 52; *G.L.F. ex rel. Felter v. Heiman,* 423 F.Supp.2d 967, 971 (E.D.Mo. 2006).

Defendant moves to dismiss Count IV, Plaintiff's claim for negligent supervision, because her allegations are conclusory in nature. This Count alleges that Defendant had a duty to supervise and train its agents and employees, but fails to set forth any connection between Plaintiff's alleged injury and the alleged negligent failure to supervise and train the employees. Furthermore, Plaintiff fails to set forth how any duty owed to Plaintiff was breached. Under the standards set forth in *Twombly*, Plaintiff has not sufficiently pled a cause of action for negligent supervision, and will be given leave to amend her allegations.

## Conclusion

Plaintiff's Petition fails to state a cause of action against Defendant at this stage of the litigation for the reasons set forth above. Plaintiff's Charge of Discrimination was untimely filed and it appears therefore that her action may be barred. However, because the timely filing of a Charge is not jurisdictional, rather it is more like a statute of limitations subject to equitable defenses, Plaintiff will be given leave to file an Amended Complaint setting forth those defenses, if any.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, [Doc. No. 6] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff will be given 14 days from the date of this Order to file an Amended Complaint. Failure to file an Amended Complaint will result in dismissal of this action on the merits.

Dated this 3rd day of April, 2008.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE