IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GLENDA BOONE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:08-cv-00009-HEA |
| | ) |
| WAL-MART STORES, INC., | ) |
| | ) |
| Defendant. | ) |

## **PROPOSED PROTECTIVE ORDER**

Pursuant to Rule 26(c), and by Order of the Court, confidential information shall be disclosed only in designated ways:

1. Certain documents and information produced or disclosed during this litigation should be treated as confidential. Such information subject to confidential treatment includes documents and information as they relate to certain subject matters, including proprietary, trade secret and other confidential, private and sensitive information, including personnel files and certain internal company policies, which may be produced in this litigation. In producing documents, a party shall designate the documents which should be subject to confidential treatment pursuant to this order by marking such documents as "CONFIDENTIAL."

2. The information described in paragraph 1 should be given the protection of an Order of this Court to prevent injury through disclosure to persons other than those persons involved in the prosecution or defense of this litigation. Among other risks of injury, disclosure of the above information potentially could result in invasion of privacy interests, annoyance, embarrassment, or oppression to the parties. In addition, disclosure of such information may result in competitive disadvantage or harm to the parties.

1

3. Any confidential documents and the information contained therein shall be disclosed only to the parties, managerial personnel of any party, counsel of record, in-house legal staff, counsel's staff personnel and to any witnesses in the case (including experts) as may from time to time reasonably be necessary in the prosecution or defense of this action. Counsel shall advise all such persons above to whom confidential materials are disclosed pursuant to this Order of the existence of this Order. Further, counsel shall provide all such persons above who are not managerial personnel of any party, employed by counsel or a member of Defendant's internal legal department with a copy of this Order and request the execution of an affidavit in the form attached as Exhibit A prior to the disclosure of confidential information. The parties shall not be required to disclose the affidavits to the opposing party, but instead shall, as officers of the Court, ensure that such affidavits are signed before disclosing any confidential documents or information. Counsel shall not otherwise offer or permit disclosure of any confidential document, its contents, or any portion or summary thereof.

4. Persons having knowledge of confidential documents and information by virtue of their participation in the conduct of this litigation shall use them for that purpose only and shall not disclose such confidential documents, their contents or any portion or summary thereof to any person or persons not involved in the conduct of the litigation.

5. If any person having access to the confidential documents herein shall violate this Order, he or she shall be subject to sanctions by the Court.

6. Any party may, after first seeking to resolve the issues informally and without Court intervention, bring to the Court any problems arising from this Order and may seek an order declaring documents designated as confidential by a party as not confidential. Until the

Court rules on such motion, documents designated as confidential still remain confidential under the terms of this Order.

7. This Order, insofar as it restricts the communication and use of confidential documents and information, shall continue to be binding throughout and after the conclusion of this litigation, including all appeals. Within ninety (90) days of final adjudication (including, but not limited to, final adjudication of any appeals or petitions for extraordinary writs or settlement), all documents designated for confidential treatment, and all copies or summaries thereof, shall be returned to the party which produced such materials upon request or the parties shall agree to destroy those documents and each party shall be responsible for the cost of such document destruction for the documents in that parties possession.

8. The parties agree that nothing in this Order shall be deemed to limit the extent to which counsel for the parties may advise or represent their respective clients, conduct discovery, prepare for trial, present proof at trial including any document previously produced as a confidential document herein, or oppose the production or admissibility of any information or documents which have been requested.

9. If a party files any document containing confidential information with the Court, it shall do so in compliance with the Electronic Case Filing Procedures for the Eastern District of Missouri. Prior to disclosure at trial or a hearing of materials or information designated "Confidential," the parties may seek further protections against public disclosure to the Court.

10. No action taken in accordance with the Protective Order shall be construed as a waiver of any claim or defense in the action or of any position as to discoverability or admissibility of evidence.

11. This Order shall remain in full force and effect until such time as it is modified, amended or rescinded by the Court or until such time as the parties may petition the Court to modify or amend its terms as the scope of discovery dictates.

SO ORDERED.

Dated: July 31, 2008

HENRY E. AUTREY
US DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| GLENDA BOONE, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | Case No. 4:08-cv-00009-HEA |
|  | ) |  |
| WAL-MART STORES, INC., | ) |  |
|  | ) |  |
| Defendant. | ) |  |

### AFFIDAVIT OF _____

STATE OF _____ )
                          )
COUNTY OF _____ )

1. My name is _____. I live at _____
_____.

2. I am aware that a Protective Order has been entered in the case styled *Glenda Boone v. Wal-Mart Stores, Inc.*, Case No. 04:08-cv-00009-HEA, filed in the United States District Court for the Eastern District of Missouri, and a copy thereof has been given to me.

3. I acknowledge that documents and information designated as confidential pursuant to such Protective Order are being disclosed to me only upon the condition that I agree to be subject to that Order. I hereby agree to abide by and be bound by such Order, subject to all penalties prescribed therein, including contempt of Court, for disobedience of said Order.

4. I promise that the documents and information given confidential treatment under the Protective Order entered in this case will be used by me *only* in connection with assisting counsel for the parties in preparing for litigation of the above-captioned matters. I understand

that any use of such confidential information in any manner contrary to the provisions of the Protective Order will subject me to the sanctions of this Court for contempt.

5. I promise that I will not disclose or discuss such confidential documents or information with any person other than the parties, and counsel for the parties or members of their staff.

FURTHER AFFIANT SAYETH NOT.

_____
Signature of Affiant

_____
Affiant's Printed Name

On this _____ day of _____, 200__, before me, a Notary Public in and for said State, personally appeared _____, to me known to be the person described in and who executed the foregoing instrument, and acknowledged that he/she executed the same as his/her free act and deed and for the purposes therein stated.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal on the day and year first above written in the County and State aforesaid.

_____
Notary Public

My Commission Expires:

_____