UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GLENDA BOONE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:08CV9 HEA |
| | ) |
| WAL-MART STORES, INC., | ) |
| | ) |
| Defendant. | ) |

# OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion for Summary Judgment, [Doc. No. 36]. Plaintiff opposes the Motion, and the issues are fully briefed. For the reasons set forth below, the Motion is granted in part and denied in part.

Plaintiff filed this action in the Circuit Court for the County of St. Francois. Defendant removed the matter based on the Court's federal question jurisdiction. 28 U.S.C. § 1331. Plaintiff has subsequently filed a Second Amended Complaint which no longer contains a federal question, however, Plaintiff concedes that the Court has diversity of citizenship jurisdiction. 28 U.S.C. § 1332. Plaintiff's Second Amended Complaint contains four counts: Retaliatory Discharge pursuant to Missouri's Workers' Compensation Law, specifically, Section 287.780; Negligent Supervision; Libel and Slander; and Violation of Missouri Service Letter Statute,

R.S.Mo. § 290.140. Defendant seeks summary judgment on all counts.

## Facts and Background

Plaintiff worked as an assistant manager for one of Defendant's retail stores in Desloge, Missouri. Plaintiff alleges that on December 16, 2005, while working at the store, she injured her right foot. Plaintiff did not file a formal claim at that time for compensation pursuant to the Workers' Compensation Statute, rather, she elected to pursue the matter through her group coverage.[1]

On August 8, 2006 Plaintiff used a stick of deodorant which was marked defective and had been removed from merchandise to be sold to the general public. Plaintiff does not dispute that Defendant had a policy designed and intended to prevent employee theft, misuses or borrowing of company property and retail merchandise or assets. Defendant's store in Desloge, Missouri had made the decision, however, to allow cashiers to use some defective products, such as hand lotion and office supplies. Defendant denies that there was never any change to the policy regarding any other merchandise, including deodorant. Plaintiff was

---

[1] In her Memorandum in Opposition to the Motion, Plaintiff argues that Defendant is in violation of the Missouri Workers' Compensation Statutes which prohibit an employer from charging or passing on the cost of workers' compensation coverages to employees. Although Plaintiff contends that Defendant passes on the costs of the compensation coverages to its employees through charging back workers' compensation charges through its profit sharing, Plaintiff raises no claims in her Second Amended Complaint based on such contention.

interviewed about the incident on August 11, 2006, and in a written statement, stated that she had not set a good example. Plaintiff was discharged from her employment with Defendant on August 11, 2006. It is further undisputed that Plaintiff was terminated for what Defendant characterized as "gross misconduct, integrity issue (theft, dishonesty and misappropriation of company assets). Plaintiff filed a claim for workers' compensation after she was terminated on August 11. 2006.

## Discussion

### Summary Judgment Standard

The standards for summary judgment are well settled. In determining whether summary judgment should issue, the Court must view the facts and inferences from the facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Woods v. DaimlerChrysler Corp.*, 409 F.3d 984, 990 (8th Cir. 2005); *Littrell v. City of Kansas City, Mo.,* 459 F.3d 918, 921 (8th Cir. 2006). The moving party has the burden to establish both the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Enterprise Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir. 1996). Once

the moving party has met this burden, the nonmoving party may not rest on the allegations in his pleadings but by affidavit or other evidence must set forth specific facts showing that a genuine issue of material fact exists. Fed.R.Civ.P. 56(e); *Anderson* 477 U.S. at 256; *Littrell*, 459 F.3d at 921. "The party opposing summary judgment may not rest on the allegations in its pleadings; it must 'set forth specific facts showing that there is a genuine issue for trial.'" *United of Omaha Life Ins. Co. v. Honea,* 458 F.3d 788, 791 (8th Cir.2006) (quoting Fed.R.Civ.P. 56(e)); "'Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.' *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)." *Hitt v. Harsco Corp.,* 356 F.3d 920, 923 (8th Cir. 2004). An issue of fact is genuine when "a reasonable jury could return a verdict for the nonmoving party" on the question. *Anderson,* 477 U.S. at 248; *Woods,* 409 F.3d at 990. To survive a motion for summary judgment, the "nonmoving party must 'substantiate his allegations with sufficient probative evidence [that] would permit a finding in [his] favor based on more than mere speculation, conjecture, or fantasy.' *Wilson v. Int'l Bus. Machs. Corp.*, 62 F.3d 237, 241 (8th Cir. 1995)(quotation omitted)." *Putman v. Unity Health System*, 348 F.3d 732, 733-34 (8th Cir. 2003). A party may not merely point to unsupported self-serving allegations, but must substantiate allegations with sufficient probative evidence that would permit a finding

in the plaintiff's favor. *Wilson v. Int'l Bus. Mach. Corp.,* 62 F.3d 237, 241 (8th Cir.1995). "The mere existence of a scintilla of evidence in support of the [party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson,* 477 U.S. 242 at 252; *Davidson & Associates v. Jung* 422 F.3d 630, 638 (8th Cir. 2005). Summary Judgment will be granted when, viewing the evidence in the light most favorable to the nonmoving party and giving the nonmoving party the benefit of all reasonable inferences, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Samuels v. Kansas City Mo. Sch. Dist.,* 437 F.3d 797, 801 (8th Cir.2006). "Mere allegations, unsupported by specific facts or evidence beyond the nonmoving party's own conclusions, are insufficient to withstand a motion for summary judgment." *Thomas v. Corwin,* 483 F.3d 516, 526-7(8th Cir. 2007).

### Workers' Compensation Retaliation Claim

In Missouri, no employer may discharge an employee for exercising any rights under the Workers' Compensation Act. See Mo.Rev.Stat. § 287.780. However, the Act was enacted into law against the backdrop of the "at will" doctrine. See *Crabtree v. Bugby*, 967 S.W.2d 66, 70 (Mo. banc 1998). "Absent a contrary statutory provision, an at will employee cannot maintain an action for wrongful

discharge against his employer." *Dake v. Tuell*, 687 S.W.2d 191, 193 (Mo. banc 1985). "In the absence of a contract for employment for a definite term or a contrary statutory provision, an employer may discharge an employee at any time, without cause or reason, or for any reason, and in such cases no action can be obtained for wrongful discharge." *Amaan v. City of Eureka*, 615 S.W.2d 414, 415 (Mo. banc 1981). The Workers' Compensation Act did not abolish the at will doctrine, but rather "provided a limited exception which allows an action where there was an exclusive causal relationship between the discharge and the employee's exercise of rights granted under chapter 287 RSMo 1978." *Crabtree*, 967 S.W.2d at 70. "If the evidence demonstrates that the employer had just cause for terminating the employment, other than for the employee's exercise of her rights under the Act, then the employee cannot recover under section 287.780." *St. Lawrence v. Trans World Airlines, Inc.*, 8 S.W.3d 143, 150 (Mo.App.1999).

Plaintiff brings her claim under Section 287.780 of the Missouri Revised Statutes. § 287.780. To establish a claim for retaliatory discharge, Plaintiff must prove: (1) she was employed by Defendant before the injury; (2) she filed a workers' compensation claim; (3) Defendant discharged her; and (4) there is an exclusive causal relationship between her filing and her discharge. See *Crabtree*, 967 S.W.2d at 70; *Hansome v. NW. Cooperage Co.*, 679 S.W.2d 273, 275 (Mo. banc 1984).

"Causality does not exist if the basis for discharge is valid and nonpretextual." *Hansome*, 679 S.W.2d at 275 n. 2; *Bloom v. Metro Heart Group of St. Louis, Inc.* 440 F.3d 1025, 1028 -1029 (8th Cir. 2006).

Based on the undisputed facts of this case, Plaintiff cannot satisfy the second element of a retaliatory discharge claim. Plaintiff admits that she did not file a workers' compensation claim prior to her discharge, and there is no evidence that Defendant knew she intended to file any type of workers' compensation claim. While Plaintiff attempts to argue around this fatal defect in her claim, it is undisputed that Plaintiff originally sought medical treatment through group coverage and did not give Defendant any notice whatsoever of an intent to file a claim until after she had been discharged. The injury-causing event is not an exercise of a right under the act, and without evidence suggesting that Defendant knew, at the time of the injury, or prior to Plaintiff's termination, of any preparatory work for filing a workers' compensation claim, Plaintiff fails to establish that she exercised her rights under the statute. *St. Lawrence v. Trans World Airlines, Inc.,* 8 S.W.3d 143, 150 (Mo.App. E.D. 1999).

Moreover, Plaintiff fails to satisfy the exclusive causal relationship element of retaliatory discharge. "'Causality does not exist if the basis for discharge is valid and nonpretextual.' *Hansome,* 679 S.W.2d at 275 n. 2." *Bloom,* 440 F.3d at 1028.

Plaintiff admits that she was in violation of Defendant's policy; she admits that she did *not* file a workers' compensation claim because it was discouraged through the profit sharing relationship and the compensation claims; she believes she did not fit in with Defendant's cliches; and she believes Defendant was anxious to terminate her employment for fear of expensive medical claims of her husband. All of these facts negate any basis for finding that Defendant's *exclusive* reason for firing Plaintiff was in retaliation for Plaintiff exercising her Workers' Compensation rights.

The timing and circumstances of events in this case do not indicate an causal connection between the filing of Plaintiff's workers' compensation claim and her discharge. Nor is there any reason to believe that Defendant's discharge of Plaintiff for using Defendant's property in violation of its policy was not a valid, non-pretextual reason. There is substantial evidence demonstrating that the filing of Plaintiff's claim for workers' compensation was not the exclusive cause of her discharge. There are no genuine issues of material fact in dispute as to Plaintiff's claim of retaliatory discharge under the Missouri Workers' Compensation Act. Defendant is therefore entitled to summary judgment on Plaintiff's retaliatory discharge claim.

**Negligent Supervision**

Plaintiff claims that Defendant is guilty of negligent supervision. Plaintiff admits that Defendant had a policy designed and intended to prevent employee theft, misuses or borrowing of company property and retail merchandise or assets. Plaintiff argues, however, that the manner in which the policy was enforced by the store management in August of 2006 rendered its scope and effect ambiguous, and therefore her conduct under the circumstances was reasonable.

> Negligent supervision, like any other tort, involves a breach of a duty defendant owes plaintiff which causes plaintiff to suffer damages. See *Nichols v. Blake*, 418 S.W.2d 188, 191 (Mo.1967). To recover, plaintiff need not show that the very injury resulting from defendant's negligence was foreseeable, but merely that a reasonable person could have foreseen that injuries of the type suffered would be likely to occur under the circumstances. *Ziegler v. Santa Cruz City High School Dist.*, 168 Cal.App.2d 277, 335 P.2d 709, 713 (Cal.App.1959).

*Smith, By and Through Smith v. Archbishop of St. Louis on behalf of Archdiocese of St. Louis,* 632 S.W.2d 516, 521 (Mo.App. E.D. 1982).

There is conflicting evidence in the record regarding application of the policy. While Plaintiff acknowledges the policy exists, she also states that it was the general practice that employees were allowed to use defective items, and that employees were not limited to hand lotion and office supplies. Because of this conflicting testimony, a reasonable jury could conclude that Defendant was negligent in its

supervision of Plaintiff by failing to delineate which items were acceptable for employee use and which were not. A reasonable jury could conclude that, by failing to do so, Defendant breached its duty to Plaintiff such that Plaintiff was unable to ascertain whether her use of the deodorant was in violation of Defendant's *de facto* policy of allowing certain items to be used. Notwithstanding this preliminary finding of genuine issues of material fact with respect to Plaintiff's negligent supervision claim, the Court disagrees with Plaintiff's assertion that the Department of Labor Tribunal had conclusively found that plaintiff did not engage in gross misconduct and therefore Defendant is collaterally estopped from arguing otherwise. As Defendant correctly notes, the Appeals Tribunal concluded that it could not conclude that Plaintiff's use of the deodorant was willful conduct. The Appeals Tribunal's non-conclusion may be used in some way to support Plaintiff's claim, but it in no way resolved the issue of whether Defendant was negligent in its supervision of Plaintiff in her use of Defendant's property.

In that genuine issues of material fact exist as to whether Defendant was negligent in supervising Plaintiff *vis a vis* the application of the policy at the Desloge, Missouri store, summary judgment is not proper.

## Libel and Slander

"The elements of defamation in Missouri are: 1) publication, 2) of a defamatory statement, 3) that identifies the plaintiff, 4) that is false, 5) that is published with the requisite degree of fault, and 6) damages the plaintiff's reputation." *Overcast v. Billings Mutual Ins. Co.*, 11 S.W.3d 62, 70 (Mo. 2000).

"The common law provides the defamation defendant with three general types of defenses. First, truth may always be asserted as an absolute defense. Mo. Const. art. I, § 8. Second, certain statements are absolutely privileged.... Third, other statements receive a conditional or qualified privilege." *Rice v. Hodapp*, 919 S.W.2d 240, 243 (Mo.banc 1996) (quoting *Henry v. Halliburton*, 690 S.W.2d 775, 780 (Mo.banc 1985)). "A communication is held to be qualifiedly privileged when it is made in good faith upon any subject-matter in which the person making the communication has an interest or in reference to which he has a duty, and to a person having a corresponding interest or duty, although it contains matter which, without such privilege, would be actionable." Id. at 244. (quoting *Carter v. Willert Home Products, Inc.*, 714 S.W.2d 506, 513 (Mo.banc 1986)); *McClanahan v. Global Sec. Service, Co., Inc.*, 26 S.W.3d 291, 293 (Mo.App. E.D. 2000).

In this case, the communications which are allegedly defamatory [2] or communications from supervisory employees of Defendant. These communications, however are subject to the absolute truth defense because they were indeed the truthful reason for Plaintiff's termination. The charged communication was the disclosure that Plaintiff had been discharged for "integrity issues." Indeed, Plaintiff was terminated from her employment for using the deodorant in violation of Defendant's policy. Defendant believed Plaintiff had violated the policy designed and intended to prevent employee theft, misuses or borrowing of company property and retail merchandise or assets. Plaintiff admits that Defendant's given reason for her termination was based on these "integrity issues."

> Truth being an absolute defense to a charge of slander under Missouri law, *Henry v. Halliburton*, 690 S.W.2d 775, 780 (Mo.1985) (en banc), the district court properly entered summary judgment in favor of [Defendant] on the slander claim. [Plaintiff's] termination stemmed from her signing [another's] name to an account without proper written authorization. Accordingly, the messenger's statement to that effect cannot give rise to a claim of slander. See *Brown v. Herald Co.,* 698 F.2d 949, 951 (8th Cir.1983) (per curiam) (summary judgment in defamation claim is proper when no genuine issue is disputed).

---

[2] Plaintiff lumps together her defamation claims as "Libel and Slander." Because the claims are based on oral communications, the Court assumes Plaintiff is seeking to bring a claim for slander since under Missouri law, libel is "the malicious defamation of a person made public by any printing, writing, sign, picture, representation or effigy tending to provoke that person to wrath or expose him to public hatred, contempt or ridicule, or to deprive him of the benefits of public confidence and social intercourse." *Roberson v. Beeman*, 790 S.W.2d 948, 950 (Mo.Ct.App.1990).

*Love v. Commerce Bank of St. Louis, N.A.,* 37 F.3d 1295, 1296 (8th Cir. 1994); *Rice*, 919 S.W.2d 240, 243-244.

Moreover, the communications are entitled to a qualified privilege. They were made in good faith upon subject-matter in which the person making the communication has an interest or in reference to which he has a duty, and to a person having a corresponding interest or duty. *Rice*, 919 S.W.2d at 244; *McClanahan,* 26 S.W.3d at 293.

The comments made regarding Plaintiff's discharge were truthful in the sense that the *reason* Plaintiff was discharged was for "integrity issues." Furthermore, the communications are qualifiedly privileged in that Defendant has an interest in maintaining the integrity of its employees and notifying them that this type of activity is not in alignment with Defendant's policy. As such, Defendant is entitled to judgment as a matter of law on Plaintiff's "Libel and Slander" count.

### Violation of Missouri Service Letter Statute, R.S.Mo. § 290.140

Plaintiff alleges that Defendant violated the Missouri service letter statute, Mo.Rev.Stat. § 290.140, by failing to issue a service letter after she properly requested such a letter. The service letter statute requires that a corporate employer, upon request from an ex-employee, provide a letter "setting forth the nature and

character of service rendered by such employee to such corporation and the duration thereof, and truly stating for what cause, if any, such employee was discharged or voluntarily quit such service." Mo.Rev.Stat. § 290.140(1). Furthermore, "any corporation which violates the provisions of subsection 1 of this section shall be liable for compensatory but not punitive damages but in the event that the evidence establishes that the employer did not issue the requested letter, said employer may be liable for nominal and punitive damages; but no award of punitive damages under this section shall be based upon the content of any such letter." Mo.Rev.Stat. § 290.140(2).

Defendant argues that it is entitled to summary judgment on Plaintiff's service letter claim arguing that it has fully complied with the statute. Plaintiff, in her affidavit, denies having received a response to her request. The conflicting evidence in the record before the Court precludes summary judgment on Plaintiff's service letter claim.

## **Conclusion**

Defendant is entitled to summary judgment on Plaintiff's retaliatory discharge claim because Plaintiff cannot establish that she exercised her rights (or intended to do so) under the Missouri workers' compensation law prior to her discharge. Additionally Plaintiff cannot establish an exclusive causal connection between her

discharge and the exercise of her rights under the statute.

Defendant is also entitled to summary judgment on Plaintiff's Libel and Slander claim. Defendant's statements were truthful, and therefore are defendable. Moreover, they are also entitled to qualified privilege.

Genuine issues of material fact exist, however, with respect to Plaintiff's negligent supervision and service letter claims.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment, [Doc. No. 36], is granted in part and denied in part.

**IT IS FURTHER ORDERED** that summary judgment is granted in favor of Defendant and against Plaintiff on Counts I and III.

**IT IS FURTHER ORDERED** that a separate judgment with respect to these counts will be entered upon resolution of the remaining claims.

Dated this 16th day of April, 2009.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE